UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**RASHAD MUSTAFAA SHADEED**,

        Plaintiff,

  v.

**STATE OF CALIFORNIA ET, STATE AND LOCAL GOVERNMENT, IT'S DIVISIONS, AGENCIES, AND OFFICERS OF THE STATE OF CALIFORNIA**,

        Defendants.

Case No. 3:15-cv-00395-KI

OPINION AND ORDER

    Rashad Mustafaa Shadeed
    206 West 6th Street
    Los Angeles, CA 90014

        *Pro Se* Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff Rashad Mustafaa Shadeed moves to proceed *in forma pauperis*. An examination of the application reveals plaintiff is unable to afford the costs of this action. Accordingly, it is ordered that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Additionally, the court is required to dismiss an action if the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). For the following reasons, I dismiss this case without prejudice.

## DISCUSSION

I have reviewed Shadeed's complaint and I conclude it must be dismissed. First, it fails to identify a proper basis for this court's jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Shadeed's complaint and 74 pages of attachments fail to provide a basis for this court's jurisdiction. For purposes of diversity jurisdiction, Shadeed's citizenship must differ from

defendants' citizenship, and the matter in controversy must exceed $75,000. Shadeed gives California addresses for himself and all of the defendants. He cannot base this court's jurisdiction on diversity.

As for federal question jurisdiction, Shadeed's allegations are incoherent and many of his claims of various kinds of conspiracy do not appear to present viable legal theories. For example, he alleges conspiracy for character assassination, subordinationism [sic], favoritism, mental suffering, extremism, emotionalism, utopianism, paternalism, and utilitarianism. In any event, as far as I can tell no claim brought by Shadeed involves any apparent application of federal constitutional or statutory law. See Murphey v. Lanier, 204 F.3d 911, 912 (9th Cir. 2000) (generally if federal law creates the cause of action, federal jurisdiction exists), abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC, __ U.S. __, 132 S. Ct. 740 (2012). Shadeed appears to suggest defendants engaged in criminal conduct, but "unless specifically provided for, federal criminal statutes rarely create private rights of action." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The existence of federal subject matter jurisdiction must be apparent on the face of the complaint. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). Since a basis for this court's subject matter jurisdiction is not apparent on the face of the complaint, Shadeed's case must be dismissed without prejudice.

Additionally, a district court may dismiss a complaint *sua sponte* for improper venue. Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986). Under the general venue statute, venue is proper: (1) in a "judicial district in which [the defendant] resides"; (2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) otherwise, "if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Here the defendants are the State of California and its agencies and Shadeed does not indicate that any of the events giving rise to Shadeed's claims occurred in Oregon.  Accordingly, venue is not proper here in the District of Oregon.  For this reason, I must deny Shadeed's Motion to Change or Transfer Venue.

Finally, I note Shadeed brought essentially the same complaint in the United States District Court for the Central District of California.  Shadeed v. State of California, 2:14-cv-02953-UA-DUTY (C.D.Cal. Apr. 16, 2014).  His complaint was dismissed for being frivolous and because the district court lacked jurisdiction, and his appeal to proceed in forma pauperis was denied based on a finding that the appeal was frivolous.  Because he did not pay the cost to file an appeal, his appeal was dismissed for failure to prosecute.  Shadeed v. State of California, 14-55808 (9th Cir. Aug. 4, 2014).

## CONCLUSION

For the foregoing reasons, Shadeed's Application for Leave to Proceed *In Forma Pauperis* [1] is granted, but this action is dismissed without prejudice.  His Motion to Change or Transfer Venue [3] is denied.

IT IS SO ORDERED.

DATED this ___16th___ day of March, 2015.


       /s/ Garr M. King
      Garr M. King
      United States District Judge